# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

THE NETHERLANDS INSURANCE
COMPANY, and EXCELSIOR INSURANCE
COMPANY,

|                                          |                            |
|------------------------------------------|----------------------------|
| Plaintiffs,                              | Case No. 1:11-cv-07155     |
| v.                                       |                            |
| PRECISION ELECTRONIC GLASS, INC., PHILIP ROSSI, and ADDISON AUTOMATICS, INC., |  |
| Defendants.                              |                            |

## DEFENDANTS', ADDISON AUTOMATICS, INC., PRECISION ELECTRONIC GLASS, INC., AND PHILIP ROSSI, COMBINED OPENING BRIEF IN SUPPORT OF (1) MOTION TO DISMISS AS TO ADDISON FOR LACK OF PERSONAL JURISDICTION AND (2) ADDISON'S, PRECISION'S AND ROSSI'S JOINT MOTION TO DISMISS THIS ACTION PURSUANT TO THE ABSTENTION DOCTRINE

Respectfully submitted by:

Attorney for Defendant
Addison Automatics, Inc.:

Alan C. Milstein
Eastgate Corporate Center
308 Harper Drive
Suite 200
Moorestown, NJ 08057
Ph: (856)-662-0700
Fx: (856) 488-4744

Attorney for Defendants, Precision
Electronic Glass, Inc. and Philip Rossi:

Frederick A. Jacob
Jacob & Chiarello, LLC
600 W. Main Street
P.O. Box 429
Millville, NJ 08332
Ph: (856) 825-0700
Fx:  (856) 825 2441

With the assistance of:

Attorney for Defendant
Addison Automatics, Inc.:

Brian J. Wanca, Esq. and
David M. Oppenheim, Esq.
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Ph: (847) 368-1500
Fx:  (847) 368-1501

Attorney for Defendant
Addison Automatics, Inc.:

Phillip A. Bock, Esq.
134 N. La Salle Street, Suite 1000
Chicago, IL  60602
Ph: (312) 658-5500
Fx:  (312) 658-5555

Date Filed: March 2, 2012

## TABLE OF CONTENTS

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

TABLE OF CITATIONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS. . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GENERAL STANDARDS GOVERNING MOTIONS TO DISMISS FOR
LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2). . . . . . . . . 4

GENERAL PRINCIPLES GOVERNING ABSTENTION.. . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.     This Court Lacks Personal Jurisdiction Over Addison. . . . . . . . . . . . . . . 7

          A.    This Court Lacks General Personal Jurisdiction
               Over Addison.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

          B.    This Court Lacks Specific Personal Jurisdiction
               Over Addison.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.    This Court Also Should Abstain From Exercising Subject Matter
        Jurisdiction Over This Action In Light Of The Pending, Parallel
        State Court Coverage Litigation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    III.    **III.**    **Precision Electronic Glass Is Subject to General
             Jurisdiction in Massachusetts . . . . . . . . . . . . . . . . . . . . . . . .. .. .. . . . .15**

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

## TABLE OF CITATIONS

**Statutes and Rules**                                                  **Page(s)**

28 U.S.C. §§ 2201-2202. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

47 U.S.C. § 227, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 15

**Cases**

*Ajax Enter., Inc. v. Szymoniak Law Firm, P.A.*,
    2008 WL 1733095 (D.N.J. Apr. 10, 2008). . . . . . . . . . . . . . . . . . . . . 5, 6, 8, 9, 11

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
    334 F.Supp.2d 629 (D.N.J. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bekier v. Commonwealth Constr. Co.*,
    2007 WL 3014704 (D.N.J. Nov. 11, 2007). . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9, 11

*Bonacci v. Marks*, 1993 WL 366978 (D.N.J. Sept. 7, 1993). . . . . . . . . . . . . . . . . . . . 5

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). . . . . . . . . . . . . . . . . . 7, 13

*BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . 6

*Budget Rent-A-Car v. Crawford*, 108 F.3d 1075 (9th Cir. 1997). . . . . . . . . . . . . . . . . 14

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). . . . . . . . . . . . . . . . . . . . . 5, 6, 11

*Cellco Partnership, LLC v. Dealers Warranty, LLC*,
    2010 WL 3767312 (D.N.J. Sept. 20, 2010). . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 11

*Colvin v. Van Wormer Resorts, Inc.*,
    417 Fed. App'x. 183 (3d Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*D'Jamoos v. Pilatus Aircraft, Ltd.*,
    566 F.3d 94 (3d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15

*Employers Ins. Co. of Wausau v. Harleysville Ins.*
    *Co. of New Jersey*, 2007 WL 419310 (D.N.J. Jan. 31, 2007). . . . . . . . 7, 13, 14, 15

*Envision Healthcare, Inc. v. PreferredOne Ins. Co.*,
    604 F.3d 983 (7th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144 (3d Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . 6

*Hanson v. Denckla*, 357 U.S. 235 (1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Helicopteros Nacionales de Columbia S.A. v. Hall*,
    466 U.S. 408 (1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 11

*Hirsh v. Justices of the Supreme Court*, 67 F.3d 708 (9th Cir. 1995). . . . . . . . . . . . . . . 13

*Horton v. Martin*, 133 Fed. Appx. 859 (3d Cir. June 15, 2005). . . . . . . . . . . . . . . . . 5, 6

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998). . . . . . . . . . . . . . . . . . . 4, 5

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 11

*Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290 (3d Cir. 2008). . . . . . . . . . . . . . . . . . . . . . 5

*King v. Jockey's Guild, Inc.*, 2005 WL 1793730 (D.N.J. July 26, 2005). . . . . . . . . . . . 6, 8

*Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004). . . . . . . . . . . . . . . . . . . 4, 5

*New Jersey Sports Productions, Inc. v. Don King*,
    15 F.Supp.2d 534 (D.N.J. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*N.Y. Life Distribs. v. Adherence Group*, 72 F.3d 371 (3d Cir. 1995). . . . . . . . . . . . . . . 7

*Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d Cir.2002).. . . . . . . . . . . . . . . . . . . . . 8

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*,
    819 F.2d 434 (3d Cir.1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 8

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). . . . . . . . . . . . . . . . . . . . . . . . 7

*Ryan v. Johnson*, 115 F.3d 193 (3d Cir.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Sta-Rite Indus., Inc. v. Allstate Ins. Co.*,
    96 F.3d 281 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*State Auto Ins. Co. v. Summy*, 234 F.3d 131 (3d Cir. 2001). . . . . . . . . . . . . . . . 13, 14, 15

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61(3d Cir.1984).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Transcontinental Ins. Co. v. Jocama Const. Corp.*,

2007 WL 2212367 (D.N.J. July 27, 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Travelers Prop. Cas. Co. of America v. Rogan Shoes, Inc.*,
2011 WL 2637257 (N.D. Ill. July 6, 2011).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Trent v. Dial Medical of Florida*, 33 F.3d 217 (3d Cir. 1994).. . . . . . . . . . . . . . . . . . . 15

*Weber v. Jolly Hotels*, 977 F.Supp. 327 (D.N.J. 1997). . . . . . . . . . . . . . . . . . . . . . . . 6

*West Coast Life Ins. Co. v. Harry Esses 2007-1
Ins. Trust*, 2010 WL 1644799 (D.N.J. Apr. 22, 2010).. . . . . . . . . . . . . . . 7, 13, 14

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

*Younger v. Harris*, 401 U.S. 37 (1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Treatises**

MOORE'S FED. PRAC. 3d. § 47.42[2][b].. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## <u>STATEMENT OF NATURE AND STAGE OF PROCEEDINGS</u>

On December 8, 2011, The Netherlands Insurance Company ("Netherlands") and Excelsior Insurance Company ("Excelsior") (collectively the "Insurers") filed their Complaint for Declaratory Relief in this action. (D.I. No. 1). The Insurers filed an Amended Complaint on January 6, 2012 (the "Complaint") (D.I. No. 5). This action involves a dispute between the Insurers, and Precision Electronic Glass, Inc. ("Precision") and Philip Rossi ("Rossi") (collectively "PEG"), with regard to the Insurers' obligation to provide insurance coverage in connection with the Class Action Complaint originally filed by Addison Automatics, Inc. ("Addison") against PEG in the Circuit Court of Cook County, Illinois, and later removed to the United States District Court for the Northern District of Illinois  (the "Underlying Litigation"), alleging that Precision Electronic Glass violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and also committed common law conversion.

The Insurers seek a declaration that they have no obligation to provide insurance coverage with regard to the Underlying Litigation. The parties to this action also are engaged contemporaneously in litigation with regard to the same insurance coverage issues in a prior-pending, Massachusetts state court action.

Addison now moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In addition, Addison and PEG jointly move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), to exercise its discretion and to abstain from proceeding with this declaratory judgment action in light of the prior-filed, parallel state court coverage action, pending in Massachusetts state court.

1

## SUMMARY OF ARGUMENT

1.     Addison should be dismissed for lack of *in personam* jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Insurers cannot meet their burden to establish either that jurisdiction over Addison is properly invoked under the New Jersey long-arm statute, or that the exercise of jurisdiction would comport with Due Process. The Complaint acknowledges that Addison is an Illinois corporation with its principal place of business within the State of Illinois. The Complaint is devoid of any allegations sufficient to establish personal jurisdiction over Addison in this forum. In addition, the facts set forth in the attached Affidavit of Addison's President, John T. Smith (Exhibit A, hereafter "Smith Aff."), conclusively establish that this Court has neither general nor specific personal jurisdiction over Addison. This action, therefore, should be dismissed as to Addison for lack of personal jurisdiction.

2.     In addition, this Court should exercise its discretion and to abstain from proceeding with this declaratory judgment action in light of the prior-filed, parallel state court action pending in Massachusetts state court, in which the identical insurance coverage issues are presented and in which there is no question regarding personal jurisdiction over any of the parties. Abstention is particularly appropriate where, as here, the dispute involves state law issues regarding insurance coverage. In such a circumstance, the Court can and should decline to exercise jurisdiction by dismissing the suit entirely.

## BACKGROUND FACTS

Addison filed a Class Action Complaint against PEG in the Circuit Court of Cook County, Illinois (the "Underlying Litigation"), alleging that PEG violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, and also committed common law conversion. The

Complaint alleged that on or about January 16, 2008, in violation of the TCPA, PEG transmitted an unsolicited advertisement via facsimile to Addison, and further, that it transmitted the same or similar unsolicited advertising via facsimile to numerous other persons. PEG removed the Underlying Litigation to the Northern District of Illinois.[1] On December 19, 2011, Addison filed its First Amended Complaint in the Underlying Litigation.[2] The Underlying Litigation remains pending. By letter dated September 10, 2010, Netherlands disclaimed coverage for the Underlying Litigation.

On November 4, 2011, Addison filed a lawsuit in the Superior Court for the Commonwealth of Massachusetts, Suffolk County, entitled *Addison Automatics, Inc. v. The Netherlands Insurance Co., Excelsior Insurance Co., Precision Electronic Glass, Inc. and Philip Rossi*, Case No. 11-4042-B (the "Massachusetts Coverage Action"), seeking a declaration as to the rights and obligations arising under insurance policies issued by the Insurers to PEG with regard to the Underlying Litigation. The Massachusetts Coverage Action, which was filed ***before*** the instant case, remains pending. A copy of the complaint in the Massachusetts Coverage Action (without exhibits) is attached as Exhibit B.

In the instant action, filed on December 8, 2011, the Insurers also seek a declaration that they have no duty to defend or indemnify its insured, PEG, with regard to the Underlying Litigation.[3]

---

[1]     Underlying Litigation, D.I. No. 1.

[2]     Underlying Litigation, D.I. No. 72.

[3]
     The Insurers had filed a separate lawsuit in this Court, case number 11-cv-05770, on October 4, 2011, seeking a declaration as to their rights and obligations arising under the insurance policies issued to PEG (case no. 11-cv-05770, D.I. No. 1). By Order dated November 30, 2011, the Court dismissed that action for lack of subject matter jurisdiction. (*Id.*, D.I. No. 6). The Court's Civil Docket for that action reflects that the case was "terminated" as of November 30, 2011.

The Complaint in this action expressly avers that Addison is an Illinois corporation, and its principal place of business is located in the State of Illinois. Complaint, ¶ 5.  The Complaint is devoid of any allegations that might establish personal jurisdiction over Addison in this forum.

Moreover, as established in the Affidavit of its President, John Smith, Addison does not have any significant contacts with the State of New Jersey. Exhibit A, *generally*. Addison is an Illinois corporation with its principal, and only, place of business in the State of Illinois. *Id.*, ¶ 3. Addison operates a business manufacturing and selling electronic equipment for and related to automatic doors in Illinois. *Id.*, ¶ 4. Addison has not regularly, continuously or systematically conducted substantial business activities or transacted business within the State of New Jersey. *Id.*, *generally*. In addition, Addison does not have a regular or persistent presence in New Jersey. *Id.*, ¶¶ 5-18.

### GENERAL STANDARDS GOVERNING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)

Rule 12(b)(2) directs the Court to dismiss a case when the Court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). A federal court sitting in diversity must undertake a two-step inquiry when determining whether to exercise personal jurisdiction over a non-resident defendant. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court must apply the relevant state's long-arm statute to determine if it permits the court to exercise personal jurisdiction. *Id.; Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir.2004)(the Court may assert personal jurisdiction over nonresident defendants to the extent authorized by New Jersey state law); *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir.1987) ("A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state"). The Court then must determine whether the exercise of jurisdiction would comport with due

process. *IMO*, 155 F.3d at 259.  In New Jersey, this inquiry is distilled into a single step because New Jersey's long-arm statute permits the exercise of jurisdiction to the fullest limits of due process. *Id.*; *Colvin v. Van Wormer Resorts, Inc.*, 417 Fed. App'x. 183, 186 (3d Cir. 2011) ("Federal courts situated in New Jersey may exercise personal jurisdiction to the extent permitted under New Jersey state law"); *Miller Yacht Sales*, 384 F.3d at 96 (same).

Thus, the central inquiry is whether defendant has "certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank*, 819 F.2d at 437; *Bonacci v. Marks*, 1993 WL 366978 (D.N.J. Sept. 7, 1993) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

There are two types of personal jurisdiction: general and specific. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir.2007); *Horton v. Martin*, 133 Fed. Appx. 859, 860 (3d Cir. June 15, 2005). "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state" that is unrelated to the subject matter of the lawsuit. *Marten*, 499 F.3d at 296 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n. 8 (1984)); *Ajax Enter., Inc. v. Szymoniak Law Firm, P.A.*, 2008 WL 1733095, at *2 (D.N.J. Apr. 10, 2008); *Bekier v. Commonwealth Constr. Co.*, 2007 WL 3014704, at *1 (D.N.J. Nov. 11, 2007); *Cellco Partnership, LLC v. Dealers Warranty, LLC*, 2010 WL 3767312, at *3 (D.N.J. Sept. 20, 2010). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414-15 & n. 9); *see Ajax*, 2008 WL 1733095, at *2, 5; *Bekier*, 2007 WL 3014704, at *2; *Cellco*,

2010 WL 3767312, at *3, 7. As such, "specific jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (quoting *Burger King*, 471 U.S. at 472); *see Ajax*, 2008 WL 1733095, at *2, 5; *Bekier*, 2007 WL 3014704, at *2; *Cellco*, 2010 WL 3767312, at *3, 7.

On a Rule 12(b)(2) motion to dismiss, the burden of proof rests with the party asserting jurisdiction, the Insurers in this case. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Horton*, 133 Fed. App'x. at 860; *see Provident Nat'l Bank*, 819 F.2d at 437; ); *see Ajax*, 2008 WL 1733095, at *1; *Bekier*, 2007 WL 3014704, at *1; *Cellco*, 2010 WL 3767312, at *2. While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff .... the plaintiff cannot rely on the pleadings alone but must provide actual proofs." *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004). The plaintiff must "... sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence ..." and cannot rely "on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." *See Weber v. Jolly Hotels*, 977 F.Supp. 327, 331 (D.N.J. 1997) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n. 9 (3d Cir.1984)); *see Ajax*, 2008 WL 1733095, at *1; *Bekier*, 2007 WL 3014704, at *1; *Cellco*, 2010 WL 3767312, at *2.

## GENERAL PRINCIPLES GOVERNING ABSTENTION

Federal courts have well-recognized discretion to decide whether to exercise subject matter jurisdiction over claims for declaratory relief. *See generally N.Y. Life Distribs. v. Adherence Group*, 72 F.3d 371 (3d Cir. 1995); *West Coast Life Ins. Co. v. Harry Esses 2007-1 Ins. Trust*, 2010 WL 1644799, at *2 (D.N.J. Apr. 22, 2010); *Employers Ins. Co. of Wausau v. Harleysville Ins. Co. of New Jersey*, 2007 WL 419310, at *4 (D.N.J. Jan. 31, 2007)(Hillman, J.). This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 itself, which provides that district courts: "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The discretionary nature of the Act led the Supreme Court to hold that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *see Harry Esses*, 2010 WL 1644799, at *2; *Employers Ins*, 2007 WL 419310, at *4. Indeed, the Supreme Court has made clear that "where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in other appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).

## ARGUMENT

## I.    This Court Lacks Personal Jurisdiction Over Addison

Neither general jurisdiction nor specific jurisdiction can be established over Addison in New Jersey. The Insurers certainly do not allege any facts which show it can meet its burden of

proof. Further, even if they could do so, the Insurers have not and cannot establish that the exercise of personal jurisdiction over Addison would comport with Due Process. In particular, the Insurers cannot establish that Addison conducts continuous and systematic general business within the forum such that general jurisdiction would attach. Nor can the Insurers establish that this suit arises out of or is related to Addison's contacts with New Jersey.

A.   **This Court Lacks General Personal Jurisdiction Over Addison Automatic Inc.**

Addison is not subject to general jurisdiction in New Jersey. "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state." *Ajax*, 2008 WL 1733095, at *2, citing *Marten*, 499 F.3d at 296. Moreover, only if "general jurisdiction exists, the contacts between the defendant and the forum need not be specifically related to the underlying cause of action in order for an exercise of personal jurisdiction over the defendant to be proper." *Id.*, citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 n. 1 (3d Cir.2002) (relying on *Provident Nat'l Bank*, 819 F.2d at 438). "The level of contacts required for exercising general jurisdiction is significantly higher than for the other type, specific jurisdiction." *Id.*, citing *New Jersey Sports Productions, Inc. v. Don King*, 15 F.Supp.2d 534, 544 (D.N.J. 1998) (citing *Provident Nat'l Bank*, 819 F.2d at 437). In this case, the Insurers have not and cannot meet their burden to establish the requisite "general presence" in order to invoke general jurisdiction over Addison.

Under the appropriate due process, minimum-contacts analysis, general personal jurisdiction can be invoked only upon a showing that the defendant should reasonably anticipate being haled into court in the forum state because the defendant has purposefully availed itself of the privilege of conducting activities there. *Int'l Shoe*, 326 U.S. at 316. In order to expose itself

to general jurisdiction in New Jersey, therefore, Addison's contacts with the state must be intentional, continuous, and substantial, rather than inadvertent, trivial, or sporadic; continue up until the time of suit; and evidence a purpose on the part of Addison to avail itself of the protection of the laws of New Jersey. *See Helicopteros*, 466 U.S. at 415-16.

In determining whether proper general jurisdiction exists, courts will examine factors such as: (1) whether a defendant maintains facilities, offices or employees in New Jersey; (2) whether a defendant sends agents into New Jersey to conduct business; (3) whether a defendant advertises or solicits business in New Jersey; (4) whether a defendant has designated an agent for service of process in New Jersey; (5) whether a defendant has telephone listings or bank accounts in New Jersey; and (6) the extent to which the defendant conducts business in New Jersey. *Helicopteros*, 466 U.S. at 416-18. *See Ajax*, 2008 WL 1733095, at *2; *Bekier*, 2007 WL 3014704, at *2.

The Insurers' Complaint does not factually allege any contacts — let alone continuous, systematic, and substantial business contacts — that would remotely establish general jurisdiction over Addison. Because the Insurers bear the burden of establishing jurisdiction, this failure alone requires dismissal of this action as to Addison.

In addition, the Smith Affidavit attached as <u>Exhibit A</u> to this brief establishes the following factual bases for the conclusion that Addison lacks the requisite minimum contacts with New Jersey to permit the Court to exercise general personal jurisdiction over Addison in conformance with due process:

- Addison is an Illinois corporation with its principal, and only, place of business located in the State of Illinois. (Smith Aff., ¶ 3.)

- Addison operates a business manufacturing and selling electronic equipment for and related to automatic doors in the state of Illinois. (*Id*., ¶ 4.)

9

- Addison does not have a regular or persistent physical presence in the State of New Jersey.  (*Id.*, ¶ 5.)

- Addison does not maintain any office or place of business in the State of New Jersey.  (*Id.*, ¶ 6.)

- Addison does not have a telephone number, address or bank account in the State of New Jersey.  (*Id.*, ¶ 7.)

- Addison does not have any employees located in the State of New Jersey. (*Id.*, ¶ 8.)

- Addison does not send its directors, officers, employees or agents into the State of New Jersey to conduct business. (*Id.*, ¶ 9.)

- Addison does not regularly, continuously or systematically advertise or solicit business in the State of New Jersey.  (*Id.*, ¶ 10.)

- Addison does not regularly, continuously or systematically direct its business activities specifically at the residents of the State of New Jersey.  (*Id.*, ¶ 11.)

- Addison does not derive substantial revenues from goods used or consumed, or services rendered in the State of New Jersey.  (*Id.,* ¶ 12.)

- Addison does not have a designated agent for service of process in the State of New Jersey.  (*Id.*, ¶ 13.)

- Addison does not own, use, possess, control or otherwise have any interest in any real estate situated in the State of New Jersey.  (*Id.*, ¶ 14.)

- Addison does not own, use, possess, use, control or otherwise have any interest in any asset or thing of value present within the State of New Jersey.  (*Id.*, ¶ 15.)

- Addison is not licensed by the State of New Jersey to conduct business in the State of New Jersey.  (*Id.*, ¶ 16.)

- Addison does not pay Delaware income taxes or file New Jersey corporate tax returns.  (*Id.*, ¶ 17.)

- Addison does not regularly, continuously or systematically conduct substantial business activities within the State of New Jersey.  (*Id.*, ¶ 18.)

- This litigation is not based on injuries arising out of or relating to Addison's activities in or contacts with the State of New Jersey.  (*Id.*, ¶ 19.)

As reflected in the Smith Affidavit, Addison lacks any manner of sustained or substantial contacts with New Jersey, and Addison meets *none* of the minimum contacts criteria: Addison does *not* maintain offices or employees in New Jersey; Addison does *not* send agents into New Jersey to conduct business; Addison does *not* advertise or solicit business in New Jersey; Addison has not designated an agent for service of process in New Jersey; and Addison does *not* regularly, continuously or systematically conduct business in New Jersey. Because Addison lacks continuous, systematic, or substantial contacts with the State of New Jersey, Addison is not subject to general jurisdiction in this Court. *Helicopteros*, 466 U.S. at 416-18; *Cellco*, 2010 WL 3767312, at *3; *Ajax*, 2008 WL 1733095, at *2.

**B.**     **This Court Lacks Specific Personal Jurisdiction Over Addison**

Addison also is not subject to specific jurisdiction in this case. In determining whether exercise of specific jurisdiction would comport with due process, the Court must undertake a three-part inquiry. *E.g., D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *see Cellco*, 2010 WL 3767312, at *7; *Bekier*, 2007 WL 3014704, at *2. Firstly, the defendant must have "purposefully directed [its] activities" at the forum. *D'Jamoos*, 566 F.3d at 102*, citing Burger King*, 471 U.S. at 472. Secondly, the litigation must "arise out of or relate to" at least one of those activities. *Id., citing Helicopteros*, 466 U.S. at 414. These first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum. *Id.* at 103. The threshold requirement is that the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Id.*, *quoting Hanson v. Denkla*, 357 U.S. 235, 253 (1958). And thirdly, if the first two requirements have been met, a court should consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.' " *Id.*, 566 F.3d at 102, *citing Burger King*, 471 U.S. at

476 (*quoting Int'l Shoe*, 326 U.S. at 320). To meet this requirement, the defendant's contacts must amount to "a deliberate targeting of the forum." *Id.* at 102, 104, *citing Burger King*, 471 U.S. at 475-76. The "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient. *Id.*, 566 F.3d at 103, *quoting Hanson*, 357 U.S. at 253.

The Insurers' Complaint fails to allege any contacts establishing specific jurisdiction over Addison. The Complaint alleges no facts whatsoever regarding Addison's contacts with New Jersey. The Complaint merely states that Addison "is incorporated in Illinois and has its principal place of business in Illinois. Addison is named as a potentially interested party." (Complaint, ¶ 5.) That statement is insufficient to establish that this action directly arose out of contacts between Addison and this forum.

Moreover, the Smith Affidavit further establishes that this action cannot have arisen directly out of Addison's business contacts with the State of New Jersey in a manner sufficient to allow for the exercise of personal jurisdiction to comport with Due Process. Because Addison's contacts with New Jersey are wholly insufficient, the Insurers have not met — and cannot meet — their burden of proving that this Court has personal jurisdiction.

In sum, because the insurers have failed to plead or prove the requisite minimum contacts to establish either general or specific personal jurisdiction over Addison in this action, the assertion of personal jurisdiction by this Court over Addison falls beyond the limits of the New Jersey long-arm statute and federal due process requirements. Addison, therefore, should be dismissed from this action.

## II.   This Court Also Should Abstain From Exercising Subject Matter Jurisdiction Over This Action In Light Of The Pending, Parallel State Court Coverage Litigation.

This Court also should exercise its discretion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) based on the abstention doctrine, due to the ongoing, parallel state court

litigation between the parties with regard to the same subject matter.  The Insurers should not be permitted to invoke a federal forum to litigate a state-law insurance coverage dispute where a parallel, prior-filed state court action involving the same parties and issues is pending. *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2001); *see Harry Esses*, 2010 WL 1644799, at *2; *Employers Ins*, 2007 WL 419310, at *4; *Travelers Prop. Cas. Co. of America v. Rogan Shoes, Inc.*, 2011 WL 2637257 (N.D. Ill. July 6, 2011) at *2, *citing Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010); and *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996).

A federal court should not adjudicate a party's claim for declaratory relief when a parallel state proceeding exists, even if it otherwise has subject matter jurisdiction over the proceedings.  *See Wilton*, 515 U.S. at 282; *Brillhart*, 316 U.S. at 495. As the Supreme Court has stated: "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Wilton*, 515 U.S. at 282, *quoting Brillhart*, 316 U.S. at 495. *See Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) ("*Younger* and its progeny generally direct federal courts to abstain from granting declaratory or injunctive relief that would interfere with pending state judicial proceedings"), *citing Younger v. Harris*, 401 U.S. 37, 40-41 (1971). *See also* MOORE'S FED. PRAC. 3d. § 47.42[2][b], at 57-110 ("Typically, a federal court exercises its discretion by refusing to entertain a declaratory relief suit when a state court action is pending between the same parties that involves the same issues."); *Envision Healthcare*, 604 F.3d at 986 ("[A]s the Supreme Court has made clear, the *Wilton/Brillhart* abstention doctrine appropriately applies in a diversity case

where a declaratory judgment is sought and a parallel state proceeding also exists."); *Harry Esses*, 2010 WL 1644799, at *2, 3; *Employers Ins*, 2007 WL 419310, at *4.

Here, "federalism concerns against the use of the Declaratory Judgment Act as a forum shopping device, and the policy against 'having federal courts needlessly determine issues of state law,'" counsel in favor of abstention. *Budget Rent-A-Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir. 1997) (overruled on other grounds); *see Summy*, 234 F.3d at 135; *Harry Esses*, 2010 WL 1644799, at *2, 3; *Employers Ins*, 2007 WL 419310, at *4. Addison Automatic Inc. knows of no Third Circuit or United States Supreme Court case in which a federal declaratory judgment action was allowed to proceed despite a previously filed state action covering the same parties and issues.  This makes sense.  What the Insurers have done here — to assert its claims in this action after their first action had been dismissed and the Massachusetts state court action was filed and pending  — is blatant forum shopping and should not be rewarded.

This judicial policy is especially germane because this Court, as the Insurers' forum of choice, would be called on to decide a question of state insurance law. As the Third Circuit has warned: "district courts should give serious consideration to the fact that they do not establish state law [and this] is especially important in insurance coverage cases." *Summy*, 234 F.3d at 135. "Consequently, it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court. Such matters should proceed in normal fashion through the state court system. In short, where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." *Id. See Transcontinental Ins. Co. v. Jocama Const. Corp.*, 2007 WL 2212367, at *2-3 (D.N.J. July 27, 2007); *Employers*, 2007 WL 419310, at *4; *see also Sta-*

*Rite Indus.*, 96 F. 3d at 287 (abstention appropriate because of the presence of issues under Wisconsin insurance law).

A parallel action generally involves the same parties and claims. *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir.1997); *King v. Jockey's Guild, Inc.*, 2005 WL 1793730, at *3 (D.N.J. July 26, 2005), citing *Trent v. Dial Medical of Florida*, 33 F.3d 217 (3d Cir. 1994). The actions do not have to be identical, but they must be "substantially similar." *Id.* This action involves a dispute between the Insurers and PEG over the Insurers' obligation to provide insurance coverage with regard to the Underlying Litigation. The parties to this action also are engaged contemporaneously in litigation with regard to the same insurance coverage issues in the prior-pending, state court Massachusetts Coverage Action. Unlike the instant action, moreover, there are no personal jurisdiction problems in the Massachusetts Coverage Action. The Insurers, as Massachusetts-domiciled corporations, undeniably are subject to personal jurisdiction in Massachusetts. PEG does not object to resolving the coverage issues in that forum. As such, the Insurers can present and adjudicate in the Massachusetts Coverage Action, with all necessary parties present, all of the insurance coverage issues it seeks to raise in this action. The two actions are thus parallel proceedings.

This Court can and should, therefore, exercise its discretion to dismiss this action under the abstention doctrine.  *See Summy*, 234 F.3d at 136 ("the desire of insurance companies … to receive declarations in federal court on matters of purely state law has no special call on the federal forum"); *Employers Ins*, 2007 WL 419310, at *4 (same).

III.    **Precision Electronic Glass Has Significant Business Contacts With Massachusetts.**

Precision Electronic Glass regularly continuously and systematically conducts substantial business activities within the Commonwealth of Massachusetts.   Philip Rossi, President

Precision Electronic Glass, states in his attached Affidavit (Exhibit C) that Precision Electronic Glass has served approximately 30 customers there in the last 4 years. Precision Electronic Glass' gross income from their 5 biggest customers in Massachusetts over that 4 year period exceeded $1,506,220.00.   As a result of Precision Electronic Glass' substantial business transactions in Massachusetts, jurisdiction in the State Courts of the Commonwealth of Massachusetts is appropriate.

## CONCLUSION

For each of the foregoing reasons, this Court should: (1) grant Addison's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction; and (2) grant Addison's and PEG's joint Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) under the abstention doctrine.

**Dated:  March 2, 2012.**                          Respectfully submitted,

                                          By:   /s/Alan C. Milstein
                                                One of the Attorneys for Addison
                                                Automatics, Inc.

                                                Alan C. Milstein
                                                Sherman, Silverstein, Kohl, Rose &
                                                Podolsky, P.A.
                                                Eastgate Corporate Center
                                                308 Harper Drive
                                                Suite 200
                                                Moorestown, NJ 08057
                                                Telephone: (856)-662-0700
                                                Fax:  (856) 488-4744

                                                *Of Counsel:*
                                                Brian J. Wanca
                                                David M. Oppenheim
                                                ANDERSON + WANCA
                                                3701 Algonquin Road, Suite 760
                                                Rolling Meadows, IL  60008
                                                Telephone: (847) 368-1500
                                                Facsimile: (847) 368-1501

*And*

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL  60602
Telephone: (312) 658-5500
Facsimile: (312) 658-5555


By:   /s/ Frederick A. Jacob
      One of the Attorneys for Precision Electronic
      Glass, Inc. and Philip Rossi

      Frederick A. Jacob
      Jacob & Chiarello, LLC
      600 W. Main Street
      P.O. Box 429
      Millville, NJ 08332
      Telephone: (856) 825-0700
      Facsimile: (856) 825 2441

17