12175-00374-DCA
06/2635127.v1
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY:  Dana C. Argeris, Esquire
Woodland Falls Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
☎856-414-6000        📠856-414-6077
📧 dcargeris@mdwcg.com
Attorney for Plaintiffs, The Netherlands Insurance Company and Excelsior Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE NETHERLANDS INSURANCE COMPANY, EXCELSIOR INSURANCE COMPANY<br><br>                Plaintiff(s),<br><br>**vs.**<br><br>PRECISION ELECTRONIC GLASS, INC., PHILIP ROSSI, AND ADDISON AUTOMATIC, INC., individually and as the representative of a class of similarly-situated persons,<br><br>                Defendant(s). | Civil Action No. 1:11-cv-07155 |

---

**PLAINTIFFS' SUR-REPLY BRIEF IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO DISMISS**

---

On the Brief:

　　Dana C. Argeris, Esquire
　　Michael A. Gorokhovich, Esquire

# TABLE OF CONTENTS

**Page**

I.  ADDISON'S MOTION TO DISMISS BASED ON THE ALLEGED NON-JOINDER OF ADDISON IS MOOT, AND THE COURT MUST CONSIDER THE NON-JOINDER ISSUE SOLELY AS APPLIED TO THE PENDING CLAIM ASSERTED AGAINST PEG/ROSSI ................................................................................................. 1

II. PEG/ROSSI FAIL TO SUSTAIN THEIR BURDEN TO ESTABLISH PROPRIETY OF DISMISSAL UNDER RULE 19, SINCE THEY PROVIDE NO ANALYSIS OF THE RULE OR ITS APPLICATION .................................................................................... 1

III. THE COVERAGE DISPUTE BETWEEN NETHERLANDS/EXCELSIOR AND PEG/ROSSI MUST BE PERMITTED TO PROCEED REGARDLESS OF WHETHER OR NOT ADDISON IS JOINED AS A PARTY ........................................... 3

   A. ADDISON IS NOT AN INDISPENSABLE PARTY UNDER RULE 19(A) ............... 3

   B. EVEN IF ADDISON WERE "INDISPENSABLE," RULE 19(B) PERMITS ADJUDICATION BETWEEN NETHERLANDS/EXCELSIOR AND PEG/ROSSI IN ADDISON'S ABSENCE .......................................................................................... 4

IV. DEFENDANTS' RULE 19 MOTION TO DISMISS SHOULD BE STAYED PENDING RESOLUTION OF THE MASSACHUSETTS COURT ON THE MOTION TO DISMISS PENDING THERE ..................................................................... 10

I.   **ADDISON'S MOTION TO DISMISS BASED ON THE ALLEGED NON-JOINDER OF ADDISON IS MOOT, AND THE COURT MUST CONSIDER THE NON-JOINDER ISSUE SOLELY AS APPLIED TO THE PENDING CLAIM ASSERTED AGAINST PEG/ROSSI**

As the initial matter, although Addison's and PEG/Rossi's reply brief, wherein the alleged non-joinder is argued, is claimed to be jointly made, in actuality, Addison has no standing to raise this issue.  If the factual predicate of the alleged non-joinder issue is the absence of Addison as an indispensible party, by definition, Addison would have to be already dismissed by the time this motion is considered, and therefore, cannot seek a yet further dismissal.  For the same reason, Addison has no standing to submit any sur-sur-reply briefs on this issue, since the matter of Addison's dismissal is necessarily a moot point by the time the Court considers the non-joinder issue.  This assumes, of course, that if the pending motion to dismiss in Massachusetts is granted, Addison would not then change its mind about seeking dismissal from this action.

II.   **PEG/ROSSI FAIL TO SUSTAIN THEIR BURDEN TO ESTABLISH PROPRIETY OF DISMISSAL UNDER RULE 19, SINCE THEY PROVIDE NO ANALYSIS OF THE RULE OR ITS APPLICATION**

Under the Federal Rules of Civil Procedure, the issue of whether this action against PEG/Rossi should be permitted to proceed in the absence of Addison's joinder is governed by Rule 19 of the Federal Rules of Civil Procedure.  Rule 19 sets out a two-step process for making this determination.  First, the Court must determine pursuant to Rule 19(a) whether Addison is a party "Required to Be Joined if Feasible" – also known as the "indispensable" party.  Second, if the Court determines that Rule 19(a) applies, the Court must then perform the equitable analysis required by Rule (b) to determine whether the action should proceed in Addison's absence.

As the movants on the motion to dismiss under Rule 19, PEG and Rossi bear the burden to establish that dismissal is the only appropriate course of action under the Rule.  PEG and Rossi have failed to sustain this burden.  <u>No argument has been presented by the movants under</u>

Rule 19, analyzing either sub-section (a) or subsection (b) in the movants' reply brief. Indeed, Rule 19 is not even mentioned in the movants' motion papers.

The only articulated basis on which the movants seek dismissal under Rule 19 is the Third Circuit decision in Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 (3d Cir. 1986), which the movants cite for the proposition that the injured party is indispensable to the resolution of a coverage dispute between an insurance carrier and its insured. The portion of the Rauscher decision relating to Rule 19, however, is an outdated *dictum*, which has since been supplanted by the Third Circuit in the presently controlling decision on point in Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005). The Treesdale decision holds that the underlying injured claimant is not an indispensable party under Rule 19 in a coverage dispute between the insured and its insurance carrier. The fact that the Treesdale decision effectively overruled the prior *dictum* in Rauscher was recently expressly acknowledged in New Jersey by this Court in Nat'l Specialty Ins. Co. v. Papa, 2012 U.S. Dist. LEXIS 34047 (D.N.J. Mar. 14, 2012).

Other cases, on which the movants rely in support of their application under Rule 19 are completely inapposite. This includes the New Jersey Superior Court decision in Royal Indem. Co. v. Hartford Acci. & Indem. Co., 58 N.J. Super. 75, 79 (App.Div. 1959), decided under the New Jersey Declaratory Judgment Act, which is inapposite to the issues raised in this case under federal law. It also includes the unpublished opinion in Travelers Indem. Co. v. Dammann & Co., 2005 U.S. Dist. LEXIS 33458 (D.N.J. Dec. 8, 2005), in which the court did not consider the binding Treesdale decision reached earlier in the same year. Movants' citation of Constant v. Pacific Nat'l Ins. Co., 84 N.J.Super. 211, 216 (N.J. Super. 1964), for the proposition that an injured party is an "interested party," is likewise unavailing in light of the opposite conclusion reached in Treesdale. These cases proffered by PEG/Rossi fail to support the movants' position

2

under Rule 19 in light of <u>Treesdale</u>, which is the governing authority on this issue in the Third Circuit.  Accordingly, the Court must reject the movants' proffered argument under Rule 19.

> III. THE COVERAGE DISPUTE BETWEEN NETHERLANDS/EXCELSIOR AND PEG/ROSSI MUST BE PERMITTED TO PROCEED REGARDLESS OF WHETHER OR NOT ADDISON IS JOINED AS A PARTY

>> A. <u>Addison is not an indispensible party under Rule 19(a)</u>

The first inquiry which the Court must address under Rule 19 is whether Addison is an "indispensable" party "Required to Be Joined if Feasible" under sub-section (a) of the Rule. Sub-section (a) of Rule 19, in pertinent part, reads as follows:

> Rule 19.  Required Joinder of Parties
>
> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Under the standards set forth in Rule 19(a), Addison is not an indispensable party.  Under provision (a)(1)(A), Addison is "indispensable" if "in [Addison's] absence, the court cannot accord complete relief among [Netherlands/Excelsior and PEG/Rossi]."  It is clear that Addison's presence is not required under this sub-section, since "complete relief" between the remaining parties can be fully accorded by the Court in Addison's absence.  Without question, the Court is

3

fully able to provide complete adjudication of this contractual dispute as between Netherlands/Excelsior and PEG/Rossi, irrespective of Addison's participation in this case, since Addison is not a party to the contract between Netherlands/Excelsior and PEG/Rossi.  Nor is Addison an "indispensable" party under provision (a)(1)(B) of the Rule.  Under this provision, Addison is "indispensable" if "disposing of the action in [its] absence may . . . impair or impede [Addison's] ability to protect [its] interest; or . . . leave [PEG/Rossi] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [Addison's] interest." Rule 19(a)(1)(B).  There is no potential for any inconsistent results or double recovery here, since the relief being sought by Addison from PEG/Rossi in the underlying Illinois "junk fax" action is predicated upon a totally different factual and legal basis from the factual and legal basis of the instant case under the insurance contract.

      Here, Addison's interest at issue is purely an economic interest in having a source of funds to look to in order to satisfy the judgment which Addison hopes to obtain in the underlying case against PEG/Rossi in Illinois.  Under the holding of Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005), this interest alone is not sufficient to deem Addison an "indispensable" party under Rule 19.  "The 'interest' relating to the subject matter of the action that makes an absent party a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest of convenience." Id. at , 230 (citations omitted); Accord Nat'l Specialty Ins. Co. v. Papa, 2012 U.S. Dist. LEXIS 34047 (D.N.J. 2012).

      B.    <u>Even if Addison were "indispensable," Rule 19(b) permits adjudication between Netherlands/Excelsior and PEG/Rossi in Addison's absence</u>

Pursuant to Rule 19, even if the Court finds that Addison is an "indispensable" party pursuant to sub-section 19(a), the Court must then apply the equitable test of sub-section 19(b) in

4

order to determine whether the action can proceed against PEG/Rossi notwithstanding Addison's absence.  The standard applicable to this test is "equity and good conscience." Rule 19(b).

Subsection (b) of Rule 19, in relevant part, reads as follows:

> (b)   When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > (1)   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > (2)   the extent to which any prejudice could be lessened or avoided by:
> >
> > > (A) protective provisions in the judgment;
> > >
> > > (B) shaping the relief; or
> > >
> > > (C) other measures;
> >
> > (3)   whether a judgment rendered in the person's absence would be adequate; and
> >
> > (4)   whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Here, the movants have failed to articulate any "prejudice" under provisions (b)(1) and (b)(2) that could result from permitting the case against PEG/Rossi to proceed in the absence of Addison.[1]  Clearly, without any articulated prejudice by the movants, it is impossible for

---

[1] Plaintiffs Netherlands/Excelsior respectfully object to any new arguments that may be made by the defendants in their sur-sur-reply brief on this issue.  The defendants raised the "indispensable party" issue under Rule 19 for the first time in their reply brief to their original motion based on abstention and personal jurisdiction.  In light of this, the Court permitted a sur-reply and a sur-sur-reply briefs to be filed.  The reply brief, in which the new argument based on Rule 19 was raised, is devoid of ANY analysis under the Rule, as highlighted in section II of this sur=reply brief.  Netherlands/Excelsior are now providing this analysis to the Court to the best of their ability in the absence of any analysis provided by the movants, but Netherlands and Excelsior cannot be held bound to read the movants' minds and predict what other new arguments could be raised by them in the sur-sur-reply brief.  Nor would it be fair to consider any such new arguments or analysis in the absence of any opportunity by Netherlands/Excelsior to respond.  Therefore, if any substantive analysis of Rule 19 is provided by the defendants in their sur-sur-reply brief, in addition to their initial analysis based entirely upon the *dictum* in the Third Circuit Rauscher decision, the Court must either disregard it as procedurally improper, or else permit plaintiffs to submit a sur-sur-sur-reply brief.

Netherlands/Excelsior or this Court to evaluate or address whether such a prejudice can be lessened or avoided under provision (b)(2). See footnote 1, supra. Under the rationale of Treesdale, supra, a purely economic contingent interest in the policy proceeds by the underlying claimant is not the interest requiring such a claimant's presence in a declaratory judgment coverage action. The same rationale applies with equal force under sub-section (b).

The clear forum-shopping motives of Addison in choosing to consent to jurisdiction in Massachusetts while simultaneously seeking its dismissal based upon its objections to jurisdiction in New Jersey are also relevant under the equitable analysis required by the Rule. Equally relevant for the equitable analysis under Rule 19(b) are the forum-shopping motives of Rossi in professing his consent to jurisdiction in Massachusetts, where personal jurisdiction does not exist over him, while simultaneously joining Addison in seeking to dismiss this case from this forum, which is clearly most convenient to Rossi in the absence of his forum shopping efforts. Also relevant are the forum shopping motives of PEG, a New Jersey company with a principal place of business in New Jersey, which claims voluntarily seeking to leave the practical convenience of this home forum in favor of going to the foreign forum in Massachusetts to litigate this coverage dispute there under New Jersey law.[2] These considerations are relevant because they highlight that the prejudice here, if any, is being strategically manufactured and self-imposed by the movants solely for the purpose of furthering their forum shopping efforts.

The principles of equity do not support dismissal under Rule 19 in furtherance of such a forum shopping strategy on these facts. The Notes of the Advisory Committee make clear that the drafters of Rule 19 never intended such a result, and avoidance of prejudice under provisions (b)(1) and (b)(2) were intended, among other measures, to notify otherwise uninformed

---

[2] These claim by Rossi and PEG are belied by their actual failure to appear in Massachusetts to this day, and Rossi has now been formally held in default by the Massachusetts court. See **Exhibit O**.

6

indispensable parties of the pending action, so that they could *voluntarily* join in it, rather than to support dismissal of the action where the allegedly indispensable party voluntarily seeks dismissal after its joinder, asserting lack of personal jurisdiction in the forum where that party had been joined while simultaneously consenting to jurisdiction in another forum.

The relevant portions of the Advisory Committee Notes relating to the "prejudice" part of the test are as follows:

> Sometimes the party is himself able to take measures to avoid prejudice. Thus a defendant faced with a prospect of a second suit by an absentee may be in a position to bring the latter into the action by defensive interpleader. So also the absentee may sometimes be able to avert prejudice to himself by voluntarily appearing in the action or intervening on an ancillary basis. The court should consider whether this, in turn, would impose undue hardship on the absentee.

Rule 19 -- Notes of Advisory Committee on 1966 amendments (internal citations omitted). There is absolutely no basis to believe that any "undue hardship" would exist to Addison if it consented to jurisdiction in New Jersey. At a minimum such a hardship, if any, would not be any greater than the same "hardship" which Addison is seeking to voluntarily assume in Massachusetts for no reason other than forum shopping. Moreover, the "burden" sought to be voluntarily assumed by the defendants in Massachusetts is clearly greater than in New Jersey not only because of the New Jersey choice of law, but also because of greater burden to Rossi and PEG to litigate this case in Massachusetts rather than in their home state, New Jersey. Indeed, to date, neither PEG nor Rossi have actually appeared in Massachusetts, and a formal order of default has now been entered against Rossi by the Massachusetts court. See **Exhibit O**.

The factor listed in provision (b)(3) of the Rule – "whether a judgment rendered in the person's absence would be adequate" -- is squarely met in Addison's absence. Here, the declaratory judgment with regard to Netherlands/Excelsior's contractual obligations to

7

PEG/Rossi would be fully adequate without regard to whether or not Addison remains in this case.  Addison has no interest whatsoever – economic or otherwise -- in the issue regarding the duty to defend PEG/Rossi in the Illinois "junk fax" litigation under any circumstances.  With respect to the duty to indemnify, this duty is contractual as between Netherlands/Excelsior and PEG/Rossi, who were the only parties to the contract.  Addison's presence is not required to determine such contractual obligations.

Finally, the last factor of Rule 19 (b) – "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder" – clearly weighs in favor of Netherlands/Excelsior.  If Netherlands/Excelsior were required to join PEG, Rossi, and Addison in the same action in order to determine its coverage obligations to PEG/Rossi, there may not be a single jurisdiction where it would be possible.  As between three potential forums – New Jersey, Illinois, and Massachusetts – the only forum that has jurisdiction over Rossi, a resident of New Jersey, is New Jersey.  There is no indication that Rossi is subject to personal jurisdiction either in Illinois or in Massachusetts.  Despite Rossi's self-serving assertions agreeing to jurisdiction in Massachusetts, Rossi has not entered his appearance there in the Addison action, and default has now been entered against him by the Massachusetts court.  See **Exhibit O**.

Moreover, there is no specific jurisdiction over Rossi and PEG with regard to insurance coverage outside of New Jersey, since the policies of insurance at issue were procured and issued in New Jersey and not anywhere else.  Addison is not subject to specific jurisdiction anywhere at all, because it is not a party to the insurance contract and therefore, it performed no acts relating to the procurement, negotiation, or performance of that contract.  Furthermore, Addison is not subject to general personal jurisdiction in either Massachusetts or New Jersey in the absence of its consent, and there is no evidence of any basis for general personal jurisdiction over Addison,

an Illinois corporation, in any forum outside of Illinois.  Further, there is no evidence that general personal jurisdiction exists over PEG in Illinois.  That PEG sent a fax to Addison in Illinois may be sufficient for Addison to obtain specific personal jurisdiction over PEG in Illinois resulting from this fax, but this is not sufficient for Netherlands/Excelsior to obtain jurisdiction over PEG in Illinois to seek a coverage determination there under a contract of insurance issued here.

That Addison and PEG/Rossi in their forum shopping efforts now profess their willingness to consent to jurisdiction in Massachusetts to adjudicate this coverage dispute is irrelevant.  Rule 19(b)(4) requires the Court to analyze whether the plaintiff, not defendants, could obtain an adequate "remedy" in another forum.  This denotes plaintiff obtaining a remedy as a plaintiff, and therefore, this issue must be analyzed from the perspective of whether venue would have been proper in Massachusetts if Netherlands/Excelsior had brought this action there *ab initio*.  Holding otherwise would essentially pave way for diversely situated insureds and third party claimants to collude in forum shopping, as here, by consenting to whatever jurisdiction is perceived by them to be the most favorable to the defendants in all analogous insurance coverage cases, irrespective of whether the plaintiff insurance carrier had the right to bring its action in such an alternative forum as a plaintiff prior to defendants' consent.  Such a result is antithetic to the "equity and good conscience" standard, required to be applied by the Court in performing its Rule 19 analysis.  Cf. Hartford Cas. Ins. Co. v. Foxfire Printing & Packaging, Inc., 2011 U.S. Dist. LEXIS 104619 (N.D. Ill. 2011) (holding in a similar fact pattern with a similar forum shopping strategy being undertaken by the defendants to transfer venue to the jurisdiction of their choosing under 28 U.S.C. § 1391 that "consent to personal jurisdiction in the [transferee forum] is . . . immaterial as to whether venue is proper [there].") (citing Hoffman v. Blaski, 363 U.S. 335 (1960)).

### IV. DEFENDANTS' RULE 19 MOTION TO DISMISS SHOULD BE STAYED PENDING RESOLUTION OF THE MASSACHUSETTS COURT ON THE MOTION TO DISMISS PENDING THERE

The new basis for dismissal under Rule 19, raised for the first time in defendants' reply brief, does not alter the need for a stay of this motion until the first-filed motion to dismiss pending in the Addison action in Massachusetts is resolved to clarify the parties' options. The Advisory Committee notes accompanying Rule 19 expressly indicate that:

> A joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time. Thus the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case it would be appropriate to defer decision until the action was further advanced.

Rule 19 -- Notes of Advisory Committee on 1966 amendments (citation omitted).

Here, it is just such a case. Until the Massachusetts motion to dismiss is resolved, it is not known what practical consequences flow from dismissal of Addison in this action. Certainly, at a minimum, the disposition of the motion to dismiss in Massachusetts would affect the issue of whether any alternative forum exists in which this action could proceed outside of New Jersey. To the extent that this consideration may affect the Court's analysis under the equitable test of Rule 19(b), it is respectfully requested that the Court defer ruling on the instant motion to dismiss until the Massachusetts motion is resolved in addition to the reasons previously addressed in Netherlands/Excelsior's brief in opposition to the initial motion.

Respectfully submitted,

*/s/ Dana C. Argeris*
**(Electronic signature for email purposes)**

Dated: May 21, 2012                    DANA C. ARGERIS