UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE NETHERLANDS INSURANCE COMPANY and EXCELSIOR INSURANCE COMPANY, | : : : : : | |
| Plaintiffs, | : : | Civil Action No. 11-7155 |
| v. | : : | |
| PRECISION ELECTRONIC GLASS, INC., PHILIP ROSSI, and ADDISON AUTOMATICS, INC. | : : : : | **OPINION** |
| Defendants. | : : | |

**Appearances**:

DANA CHARLES ARGERIS
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
220 LAKE DRIVE EAST SUITE 300
CHERRY HILL, NEW JERSEY 08002
    *Attorney for Plaintiffs,*

FREDERICK ALBERT JACOB
JACOB & CHIARELLO
600 WEST MAIN STREET
P.O. BOX 429
MILLVILLE, NEW JERSEY 08332
    *Attorney for Defendants Precision Electronic Glass, Inc. and Philip Rossi,*

ALAN C. MILSTEIN
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY PC
EASTGATE CORPORATE CENTER
308 HARPER DRIVE SUITE 200
MOORESTOWN, NEW JERSEY 08057
    *Attorney for Defendant Addison Automatic, Inc.*

**HILLMAN, District Judge**

    Currently pending before the Court are two motions: (1)

Defendant Addison Automatic Inc.'s ("Addison") Motion to Dismiss

for Lack of Personal Jurisdiction; and (2) the Joint Motion of Defendants Addison, Precision Electronic Glass, Inc. ("PEG") and Philip Rossi ("Rossi") to Dismiss Pursuant to the Abstention Doctrine. [Doc. No. 12.][1]  For the reasons that follow, the Joint Motion of all Defendants based on federal abstention will be granted and Addison's Motion to Dismiss for Lack of Personal Jurisdiction will be denied as moot.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In this matter, two insurance companies request the Court to declare their rights and responsibilities under several insurance policies previously issued to one of the defendants.  Plaintiffs The Netherlands Insurance Company ("Netherlands") and Excelsior Insurance Company ("Excelsior") are general and excess liability insurers.  Defendant PEG is a manufacturer of glass and quartz components, and Defendant Rossi is its principal and president. Defendant Addison is a manufacturer of automatic pedestrian door parts.

Between 2005 and 2008, Netherlands issued three general liability policies and Excelsior issued three commercial umbrella liability policies to PEG.  (Am. Compl. ¶¶ 7,8.)  In August of 2010, Addison, as class representative, filed a class action suit

---

[1] Although these appear to be two separate motions, they are jointly briefed and are therefore docketed together at Docket No. 12.

against PEG in Illinois state court[2] alleging violations of the Telephonic Consumer Protection Act, 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Business Practices Acts, and common law conversion, on the basis that PEG sent unsolicited "junk" facsimiles to members of the class. (Id. ¶¶ 9, 10, 11.) In September of 2010, Netherlands disclaimed coverage under its issued policies with respect to the action pending in Illinois. (Id. ¶ 13.) In July of 2011, PEG tendered its claim to Excelsior, alleging that, even if the underlying Netherlands policies did not provide it with coverage, Excelsior should nonetheless cover it under the umbrella policies. (Id. ¶ 15.)

On November 4, 2011, Addison filed a lawsuit in the Superior Court of the Commonwealth of Massachusetts, seeking a declaration of the rights and obligations arising under the insurance policies issued to PEG with respect to the Illinois action. (Defs.' Mot. Dismiss, Ex. B, "Addison Mass. Compl.")

On December 8, 2011, Netherlands and Excelsior filed the instant action before this Court, seeking a declaration of their obligations under the policies they previously issued to PEG.[3]

---

[2] The action was subsequently removed to the Northern District of Illinois.

[3] Netherlands and Excelsior initially filed suit in this Court on October 4, 2011. (See Docket No. 11-5770.) On November 14, 2011, the Court issued an order to show cause because the complaint failed to properly plead diversity jurisdiction, and gave the plaintiffs ten days to remedy this deficiency. (See Docket No. 5.) Netherlands and Excelsior failed to amend their

On March 9, 2012, Addison filed a Motion to Dismiss for Lack of Personal Jurisdiction. [Doc. No. 12.] On the same date, Defendants Addison, PEG, and Rossi filed a Joint Motion to Dismiss based on federal abstention doctrine with respect to the current action pending in Massachusetts. [Doc. No. 12.] The plaintiff insurers filed their Responses in Opposition on April 23, 2012. [Doc. No. 21.] Defendants replied on the 4th and 7th of May, 2012, and Plaintiffs filed a Sur-Reply on May 21, 2012. [Doc. Nos. 23, 24, & 26.] This matter is now ripe for judicial consideration.

## II.  FEDERAL JURISDICTION

This Court has federal jurisdiction over this matter pursuant to the federal diversity statute, 28 U.S.C. § 1332. All plaintiffs and defendants in the instant matter are diverse from one another. Netherlands and Excelsior are New Hampshire companies with their principal places of business in Boston, Massachusetts. PEG is incorporated and maintains its principal place of business in New Jersey, and Rossi is a citizen here as well. Addison is incorporated and maintains its principal place of business in Illinois. Finally, the amount in controversy in the instant dispute exceeds the requisite $75,000.00.

---

complaint within the requisite time frame, however, and the Court dismissed the case without prejudice on November 30, 2011. (See Docket No. 6.)

**III. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant bears the initial burden of raising the defense of lack of personal jurisdiction. Sportscare of Amer., P.C. v. Multiplan, Inc., No. Civ.A.10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011). Once the defense has been raised, the burden then shifts to the plaintiff to demonstrate that jurisdiction in fact exists. Id. In assessing motions to dismiss pursuant to Rule 12(b)(2), the court should accept as true the allegations of the plaintiff and should resolve any factual disputes in favor of the non-moving party. Voltaix, LLC v. NanoVoltaix, Inc., No. Civ.A.09-142, 2009 WL 3230887, at *1 n.1 (D.N.J. Oct. 1, 2009) (citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)). In order to properly establish jurisdiction, however, the plaintiff cannot rely on bare pleadings alone. Wartsila NSD N. Amer., Inc. v. Hill Int'l, Inc., 269 F.Supp.2d 547, 552 (D.N.J. 2003). Rather, the plaintiff must respond with actual proofs, such as through sworn affidavits and competent evidence. Id. "A plaintiff can meet its burden of proof and present a *prima facie* case for the court's exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between each defendant and the forum state." Id. (citing Mellon Bank (East) P.S.F.S. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). If the plaintiff meets this burden, the defendant must then show other considerations that would render

jurisdiction unreasonable.  De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, No. Civ.A.08-00533, 2008 WL 4822033, at *3 (E.D. Pa. Nov. 4, 2008) (citing Carteret Sav. Bank v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992)).

    Motions to dismiss based on federal abstention doctrine are treated as motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  See Luender v. N.J. Bd. of Nursing, No. Civ.A.99-5744, 2000 WL 959490, at *4 (D.N.J. July 11, 2000); Pappas v. Twp. of Galloway, 565 F.Supp.2d 581, 585 (D.N.J. June 27, 2008) (Simandle, J.). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual."  Id.  "Facial attacks challenge the sufficiency of the Complaint's allegations, so a court adjudicating a facial attack must accept those allegations as true."  Id. (citing Emerson Elec. Co. v. Le Carbone Lorraine, 500 F.Supp.2d 437, 443 (D.N.J. 2007)).  Similar to motions made under Rule 12(b)(2), when assessing a facial attack for lack of subject matter jurisdiction under 12(b)(1), the court should accept as true all of the plaintiff's material allegations and should construe the complaint in favor of the non-moving party. Luender, 2000 WL 959490 at *4.  "The court's focus must not be on whether the factual allegations would entitle the plaintiff to relief, but instead should be on whether th[e] Court has jurisdiction to hear the claim and grant relief.  To determine this, the Court can find facts based on affidavits or materials

submitted to the Court." Id. (internal citation omitted).

In contrast, factual attacks on subject matter jurisdiction allow the Court to look beyond the confines of the Complaint, and do not require the Court to presume that the plaintiff's allegations are true. Pappas, 565 F.Supp.2d at 585. "Further, 'the court is not confined to allegations in the plaintiff's complaint, but may consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction.'" Id. (internal citation omitted).

## IV. DISCUSSION

The parties request the Court to consider two separate but related motions to dismiss. The first motion is made jointly by all three Defendants, and requests the Court to abstain from adjudicating this matter based on the federal abstention doctrine. The second motion is made solely by Defendant Addison, and argues that dismissal is appropriate because this Court lacks personal jurisdiction over it.

### A. The Declaratory Judgment Act and Federal Abstention[4]

---

[4] Although the Declaratory Judgment Act is statutorily prescribed and federal abstention is a judge-made doctrine first fashioned in 1941 in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), the decision to decline to exercise jurisdiction in a declaratory judgment action has been recognized as a form of federal court abstention. See Marshall v. Lauriault, 372 F.3d 175, 184 (3d Cir. 2004)(recognizing application of the "Brillhart abstention doctrine"); Envision Healthcare, Inc. v. Preferred One Ins. Co., 604 F.3d 983, 986 (7th Cir. 2010)(recognizing application of the "Brillhart/Wilton abstention doctrine"); Travelers Indem. Co. v. Liberty Med. Imaging Assoc., P.C., No. Civ.A.07-2519, 2009 WL 962788, at *4

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201 et seq., gives federal courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).[5]  The Act does not, however, require the federal courts to exercise jurisdiction over such actions, but rather serves as "an enabling Act, which confers a discretion on the courts[.]" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). "Thus, under the Declaratory Judgment Act, district courts possess discretion in determining whether and when to entertain the action, even when the suit otherwise satisfies the prerequisites for subject matter jurisdiction." Allstate Ins. Co. v. Seelye, 198 F.Supp.2d 629, 631 (W.D. Pa. 2002). Furthermore, "[f]ederal courts have discretion to decline to grant declaratory relief irrespective of the merits of the controversy before them." Lac D'Amiante du Quebec, Ltee v. Amer.

---

(E.D.N.Y. Apr. 8, 2009)(same).

[5]  The Act states as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Home Assurance Co., 864 F.2d 1033, 1042 n.11 (3d Cir. 1988).[6]

The Supreme Court of the United States first addressed the reach of the Declaratory Judgment Act in a dispute between insurance carriers in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942). In Brillhart, the Court recognized that federal court jurisdiction under the Act was discretionary and that district courts were under no compulsion to exercise it. Id. at 494. More specifically, the Supreme Court found as follows:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Id. at 495. However, the Court cautioned that, when deciding whether to exercise jurisdiction, a central question that federal courts should consider is whether the controversy may "better be settled" in state court. Id. The Court suggested that this may therefore require an inquiry into the scope of the state court

---

[6] However, the Third Circuit has likewise held that this discretion is not entirely absolute, as federal courts cannot "decline jurisdiction over a declaratory judgment action when the issues include [ ] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) (citing United States v. Pa. Dep't of Env'tl Resources, 923 F.2d 1071, 1075 (3d Cir. 1991)). The instant matter does not involve any of the above-mentioned exceptions to discretionary jurisdiction under the Declaratory Judgment Act.

proceeding, the nature of the defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated there. Id.; see also Summy, 234 F.3d at 133.

The Supreme Court again took up the issue of federal court jurisdiction in the declaratory judgment context in Wilton v. Seven Falls Co., 515 U.S. 277 (1995). In Wilton, the Court reaffirmed the district courts' broad discretion for declining to entertain claims seeking declaratory relief, stating that the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant. . . . In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 287, 288. Thus, the Court held that district courts may abstain from consideration of claims for "declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were [already] underway in state court." Id. at 290.

The Third Circuit has subsequently held that, "[f]or cases like Brillhart, where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues," the courts should take into account the following considerations:

> 1. A general policy of restraint when the same issues are pending in a state court;

10

> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>
> 3. Avoidance of duplicative litigation.

Summy, 234 F.3d at 134. Moreover, the Court of Appeals has recognized that "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135 (internal citation omitted).

In the instant matter before the Court, a vastly similar suit is pending and already further underway in Massachusetts state court. As indicated above, Brillhart requires this Court to consider the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties can satisfactorily be adjudicated in that action. Brillhart, 316 U.S. at 495. The record before the Court indicates that the scope of the Massachusetts action is equivalent — if not greater — than the scope of this action. More specifically, the Massachusetts action involves the same parties, insurance policies and issues, and also seeks a declaration of the insurance companies' rights and obligations under the disputed policies. Importantly, it appears as though the Massachusetts action can better address the claims of all parties in interest because all litigants have submitted

11

themselves to the personal jurisdiction of that court, whereas Defendant Addison vigorously asserts that it is not subject to the personal jurisdiction of this Court.  Moreover, this Court knows of no reason why the nature of defenses in Massachusetts would be any less extensive than they would be here.

Furthermore, as noted, the Massachusetts action is further along than the instant matter in federal court, as the Superior Court of Massachusetts has already considered and decided dispositive motions in that case.  Specifically, the Massachusetts Superior Court denied the defendants'[7] motion seeking dismissal on the grounds that another action is pending in federal court and that the matter would be better resolved in New Jersey.  In fact, the Massachusetts court has even gone so far as to declare that this Court has no personal jurisdiction over Addison, and that it therefore is the better forum for this dispute.  Putting aside for a moment whether as a matter of comity and federalism that decision is best made by this Court, it is unquestionably true that the Massachusetts court is steadfastly determined to hear this dispute.

Moreover, although not directly related to the instant motion, the Court is also cognizant of the fact that a substantially related suit involving the same parties and

---

[7] The defendants in the Massachusetts action are Netherlands, Excelsior, PEG, and Rossi.

underlying disputes is also pending in the Northern District of Illinois. In such situations, controlling authority from the Supreme Court and our Court of Appeals — as well as common sense — indicate that federal court jurisdiction should "yield[] to considerations of practicality and wise judicial administration," Wilton, 515 U.S. at 288, and that "[a] federal court should [] decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Summy, 234 F.3d at 135 (internal citation omitted). If this Court were to continue to hear this matter, the claims and defenses of these parties would be subject to adjudication in at least three separate fora with all the attendant inefficiencies and risks of conflicting rulings. Rather than further fragment this legal action, this appears to be the archetypal situation[8] in which a federal court should

---

[8] We pause to note the one factor that might counsel this Court to retain jurisdiction. Brillhart, Wilton, and their progeny typically address situations in which a proceeding is pending in a state court in the same state in which the federal court sits. Although lacking force as precedent, and at times predictive, federal courts routinely opine on the state law of their home jurisdiction in exercising diversity and supplementary jurisdiction. And indeed, such opinions are often deemed to have persuasive weight in the forum state. That is not the procedural posture of this case. Rather, this matter involves a federal court in New Jersey and a state court in Massachusetts. Moreover, and importantly, the insurance policies at issue include a New Jersey choice of law clause. We raise, without deciding, the issue of what weight - as a matter of Brillhart/Wilton abstention - the relevant experiences and competencies of a federal court sitting in the state whose law controls the issue in the case and a foreign state court applying

decline to exercise its discretionary jurisdiction.  Accordingly, this Court declines to exercise its discretionary jurisdiction over this dispute and leaves the resolution of this controversy to the state court in Massachusetts.

### B.   Dismissal for Lack of Personal Jurisdiction

Defendant Addison has likewise filed a motion to dismiss on the basis that this Court lacks personal jurisdiction over it in New Jersey.  (Defs.' Mot. Dismiss 7-12.)  However, given the Court's decision to decline to exercise jurisdiction over the entirety of this dispute, it need not consider whether Addison would be subject to personal jurisdiction here.  As such, Addison's motion seeking dismissal on lack of personal jurisdiction grounds will be denied as moot.

### V.   CONCLUSION

Based on the above, the Court declines to exercise its discretionary jurisdiction over this dispute, and will abstain from adjudicating the instant matter.  As such, Defendants' Motion to Dismiss Pursuant to the Abstention Doctrine will be

---

traditional choice of law rules should have in making an inherently discretionary abstention decision.  Nonetheless, while this Court physically sits in New Jersey, like the Massachusetts court, it derives its power for a separate sovereign and we therefore concur in the Massachusetts state court's determination that choice of law clauses are "not determinative."  Given the lack of any federal interest, the apparent willingness of the Massachusetts court to adjudicate this matter, and its expressed acknowledgment of the state law issues at stake, this Court will not assume jurisdiction simply because the policies at issue involve New Jersey state law.

granted.  Defendant Addison's Motion to Dismiss for Lack of Personal Jurisdiction, however, will be denied as moot.

An appropriate Order follows.


At Camden, New Jersey        /s/ Noel L. Hillman
                             NOEL L. HILLMAN, U.S.D.J.

Dated: 12/10/12

15